IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 15 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| REGINA LOPEZ, Individually and as Representative of the ESTATE OF IVAN EDGAR LOPEZ, § § § § | | |
| Plaintiff, § § | | |
| v. § § | CIVIL ACTION NO. B-07-109 | |
| CITY OF BROWNSVILLE, ET AL, § § | | |
| Defendants. § | | |

## OPINION & ORDER

BE IT REMEMBERED that on October 12, 2007, the Court **GRANTED** Plaintiff's Unopposed Motion for Leave to File Second Amended Original Complaint. Dkt. No. 12. Relevant to this opinion are Defendants' Partial Motion to Dismiss, Dkt. No. 8, and Plaintiff's Response to Defendants' Partial Motion to Dismiss, Dkt. No. 10. Defendants' Motion to Dismiss, Dkt. No. 8, is hereby **DISMISSED** as moot as Plaintiff's amended complaint resolves the disputed issues in the motion to dismiss.

### I. Background

Plaintiff brought suit on July 26, 2007 on behalf of decedent, Ivan Edgar Lopez.[1] Dkt. No. 1. On February 25, 2006, law enforcement pursued decedent, a criminal suspect, in a car chase. *Id.* at 5. The chase resulted in the shooting death of decedent. *Id.* at 5-6. Plaintiff filed suit against the Defendants for the use of excessive force and the unlawful use of deadly force on the decedent based on § 1983, assault, and the Federal Tort Claims Act. *Id.* at 7-12.

---

[1] The complaint refers to the decedent as both Ivan Edgar Lopez and Edgar Ivan Lopez. Dkt. No. 1. The Court will use the name as stylized in the case heading, Ivan Edgar Lopez.

Defendants filed a motion to dismiss any potential claims based on the Fifth and Eight Amendments. Dkt. No. 8, at 3-5. Plaintiff admitted that the two constitutional amendments did not provide private causes of action in these circumstances and would not be the bases for suit against Defendants. See Dkt. No. 10, at 2; Dkt. No. 12, at 2.

Defendants also challenged Plaintiff's ability to sue Defendants Lucio and Trujillo in their official capacities as to the state law claims based on the Texas Tort Claims Act for assault. Dkt. No. 8, at 5-7. Plaintiff again conceded the issue and withdrew claims against Defendants Lucio and Trujillo in their official capacities. Dkt. No. 10, at 2; Dkt. No. 12, at 2. As the parties have essentially resolved the matters at issue in the motion to dismiss, all that remains for this Court is to consider the motion for leave to amend the complaint and thereby effectuate the parties' resolution.

## II. Standard for Granting Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading "shall be freely given when justice so requires." Whether to grant or deny leave to amend is within the trial court's discretion, and "denial of leave to amend may be required when allowing an amendment would cause undue prejudice to the opposing party." Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, 79 F.3d 480, 484 (5th Cir. 1996). A court must consider the following five factors in deciding whether to grant leave to amend a complaint: "(1) undue delay, (2) bad faith or dilatory motive [on the part of the movant], (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party [by virtue of allowance of the amendment], and (5) futility of the amendment." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962))). In the absence of any of these factors, the requested leave should be freely granted. Foman, 371 U.S. at 182.

## III. Analysis

In the present case, Plaintiff seeks remove claims against Defendants Lucio and Trujillo in their official capacities. Dkt. No. 12, at 2. Additionally, Plaintiff seeks to clarify

that she did not bring independent causes of action based on the Fifth and Eight Amendments. *Id.*

The Court finds that the factors set forth in *Foman* warranting a denial of leave to amend are not present in this matter. There is no evidence that Plaintiff has engaged in undue delay or bad faith in requesting leave to amend her complaint. Furthermore, the Defendants will not suffer undue prejudice as a result of Plaintiff's amendment because the changes will effectuate a resolution between the parties. Moreover, the instant action is in its early stages. Therefore, the Court concludes that Plaintiff should be granted leave to amend her complaint as requested.

## IV.   Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Unopposed Motion for Leave to File Second Amended Original Complaint. Dkt. No. 12. The Court further **DISMISSES** Defendants' Partial Motion to Dismiss, Dkt. No. 8, as moot. Defendants have ten (10) days from the date Plaintiff serves them with the amended pleading to file their responsive pleading. FED. R. CIV. P. 15(a).

DONE at Brownsville, Texas, this 12th day of October, 2007.

Hilda G. Tagle
United States District Judge